**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DAVID BURSTYN, CASE NO:

Plaintiff,

vs.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, David Burstyn, ("Burstyn") sues Defendant, Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), and states as follows:

**NATURE OF THE ACTION, JURISDICTION, PARTIES AND VENUE**

1. This is an action for breach of contract arising out of Northwestern Mutual's failure to pay benefits due under an individual disability income insurance policy.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3. Burstyn is a citizen and resident of Miami-Dade County, Florida, and is in all respects *sui juris*.

4. Northwestern Mutual is a foreign insurance corporation authorized to conduct business in Florida.

5. Venue is proper in this district because the contracts of insurance between the parties were entered into in this district and the breach of contract occurred while Plaintiff was a resident of this district.

## COMMON ALLEGATIONS

***The Policy***

6. Burstyn purchased individual disability income insurance, Policy No. D1521442, from Northwestern Mutual with an effective date of March 14, 2004 ("the Policy"). A copy of the Policy is attached as Exhibit A.[1]

7. Upon information and belief, the Policy lapsed in December 2011 for nonpayment of premium, and Northwestern Mutual reinstated the Policy in March 2012 following Burstyn's payment of past due premiums.

8. Burstyn timely paid all premiums due following the Policy's 2012 reinstatement, and the Policy has remained continuously in force thereafter.

9. Burstyn is "totally disabled when unable to perform the material and substantial duties of the regular occupation." D.E. 1-1 at 7.

10. The Policy defines "regular occupation" as "the occupation of the Insured at the time the Insured becomes disabled." *Id.*

***The Policy's Four Provisions Concerning Pre-Existing Conditions are Ambiguous***

11. Section 627.607, Florida Statutes, requires disability insurers to include an "incontestability" clause in their disability insurance policies that addresses coverage for pre-existing conditions, as follows:

> **627.607 Time limit on certain defenses.—**
> (1) The contract shall include the following provision:
> "Time Limit on Certain Defenses: After 2 years from the issue date, only fraudulent misstatements in the application may be used to void the policy or deny any claim for loss incurred or disability starting after the 2-year period."

[1] Burstyn received this substitute copy of the Policy from Northwestern Mutual in 2017. He has not been able to ascertain whether it represents a true and accurate copy of the Policy, but accepts the accuracy of the policy language referenced herein.

(2) A policy may, in place of the provision set forth in subsection (1), include the following provision:

> "Incontestable:
> (a) Misstatements in the Application: After this policy has been in force for 2 years during the insured's lifetime (excluding any period during which the insured is disabled), the insurer cannot contest the statements in the application.
> (b) Preexisting Conditions: No claim for loss incurred or disability starting after 2 years from the issue date will be reduced or denied because a sickness or physical condition, not excluded by name or specific description before the date of loss, had existed before the effective date of coverage."

12. Northwestern Mutual included a provision similar to Section 627.601(1) in the Policy, as follows:

> **8.2 TIME LIMIT ON CERTAIN DEFENSES**
> After two years from the Date of Issue, only fraudulent misstatements in the application may be used to void the policy or deny any claim for loss incurred or liability starting after the two year period.

*Id.* at 16.

13. Northwestern Mutual also included a separate, and more specific, Pre-Existing Conditions exclusion in the Policy, as follows:

> **3.1 PRE-EXISTING CONDITIONS**
> There will be no benefits for a disability or loss that:
> - Results from an accident that occurred within two years before the Date of Issue; or
> - Results from a sickness that existed within two years before the Date of Issue
>
> If the accident or sickness was not disclosed or was misrepresented in the application.

*Id.* at 12.

14. The Policy contains a third pre-existing condition provision, commonly known as a "First Manifest" clause, that purports to eliminate coverage for any disability caused by an accident or sickness that "first appear[ed]" before the Policy's issue:

> **2.1 DISABILITIES COVERED BY THE POLICY**
> Benefits are provided for the Insured's total or partial disability only if: . . . the disability results from an accident that occurs or a sickness that first appears while this policy is in force.

*Id.* at 8.

15. The Policy's fourth pre-existing condition provision, which Northwestern Mutual interprets to extend the First Manifest clause if the Policy is reinstated, reads as follows:

> **7.2 REINSTATEMENT**
>
> * * *
>
> **Coverage.** The reinstated policy will cover only a disability that results from an accident that occurs, or from a sickness that first appears, after the date of reinstatement. The Company may attach new provisions and limitations to the policy at the time of reinstatement. All other rights of the Owner and Company will remain the same.

*Id.* at 15.

16. Northwestern Mutual claims Section 7.2 of the Policy is required by Section 627.609, Florida Statutes, but the Policy materially alters the mandated language:

> **627.609 Reinstatement.—**
> (1) The contract shall include the following provision:
> "Reinstatement: If the renewal premium is not paid before the grace period ends, the policy will lapse. Later acceptance of the premium by the insurer, or by an agent authorized to accept payment without requiring an application for reinstatement, will reinstate this policy. If the insurer or its agent requires an application, the insured will be given a conditional receipt for the premium. If the application is approved, the policy will be reinstated as of the approval date. Lacking such approval, the policy will be reinstated on the 45th day after the date of the conditional receipt unless the insurer has previously written the insured of its disapproval. <u>The reinstated policy will cover only loss that results from an injury sustained after the date of reinstatement or sickness that starts more than 10 days after such date.</u> In all other respects, the rights of the insured and the insurer will remain the same, subject to any provisions noted on or attached to the reinstated policy. Any premiums the insurer accepts for a reinstatement will be applied to a period for which premiums have not

> been paid. No premiums will be applied to any period more than 60 days before the reinstatement date."

Fla. Stat. § 627.609 (emphasis added).

17. These four conflicting Policy provisions – Sections 2.1, 3.1, 7.2, and 8.2 – cannot be reconciled with respect to the scope of coverage for disability caused by conditions that manifested prior to the Policy's issue or reinstatement, and the inherent ambiguity must be resolved in Burstyn's favor under Florida law.

18. The Policy's Pre-Existing Conditions exclusion, which unambiguously limits coverage for sickness manifesting within two years prior to the Policy's issue, would be rendered meaningless if Sections 2.1 and 7.2 are interpreted to eliminate coverage for sickness manifesting anytime before the Policy's issue or reinstatement.

19. The incontestability provision mandated by Section 627.607 is also rendered superfluous and ineffective by Northwestern Mutual's interpretation of Sections 2.1 and 7.2.

***Northwestern Mutual Wrongfully Denied Burstyn's Claim as a Pre-Existing Condition***

20. Burstyn first contracted a Lyme disease infection in or about 2005, after the Policy's March 14, 2004 issue date.

21. Burstyn received treatment for his 2005 Lyme disease infection and his symptoms resolved within several months.

22. Burstyn was not experiencing any symptoms of Lyme disease when his Policy lapsed and was reinstated in 2012.

23. In 2017, Burstyn became disabled from his occupation as Chief Executive Officer due to various symptoms of unknown etiology. Burstyn was later diagnosed with a new Lyme disease infection and other infections that may have caused his disabling symptoms.

24. As a result of his medical condition, Burstyn began reducing his work schedule in

January 2017, and stopped working entirely by June 1, 2017.

25. Burstyn timely submitted his disability claim to Northwestern Mutual on or about July 12, 2017.

26. By letter dated January 10, 2018, Northwestern Mutual denied Burstyn's claim by relying on Section 7.2, which it interpreted to extend the Policy's First Manifest clause to the 2012 reinstatement date:

> As outlined above, your reinstated policy will only cover an accident that occurs, or a sickness that first appears, after the date of reinstatement. Unfortunately, as you indicated, and medical records substantiate, your symptoms noted above from lyme disease first appeared in 2005, and as such, preceded the March 14, 2012 date of reinstatement. Accordingly, the claimed condition is not covered by your reinstated policy, and no benefits are payable.

27. Remarkably, despite Burstyn's full cooperation during the claims process, Northwestern Mutual also advised that its six-month "investigation" was unable to identify his pre-disability occupation:

> Even if your claimed condition were not excluded from coverage under your reinstated policy, we do not have proof that you qualify for disability under your policy because we were not able to verify your claimed level of work activity based on the information provided at the time of claim.

28. On or about February 14, 2018, Burstyn appealed Northwestern Mutual's decision and filed Civil Remedy Notice #377489 with the Florida Department of Financial Services, providing sixty (60) days for Northwestern Mutual to correct its statutory violations by paying Burstyn's claim.

29. By letter dated April 11, 2018, Northwestern Mutual upheld its claim denial based entirely on Section 7.2:

> Our decision as to whether Mr. Burstyn had coverage under his disability policy for his claimed condition is based exclusively on the application of Section 7.2 of his policy. Section 7.2 clearly states the reinstated policy will cover only a disability that results from an accident that occurs, or from a sickness that first appears, after the date of

> reinstatement. Since Mr. Burstyn was diagnosed with Lyme's disease prior to the date his policy was reinstatement, it is excluded from coverage under the reinstated policy. We note that Mr. Burstyn also had received medical care and treatment for Lyme's disease before the date of reinstatement, including a hospitalization.

30. As a result of Northwestern Mutual's denial, Burstyn was compelled to retain undersigned counsel to represent his interests in this action, and he is obligated to pay a reasonable fee for their services.

31. All conditions precedent to the institution of this action have been performed, waived or excused.

**COUNT I – BREACH OF CONTRACT**

32. Burstyn incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. The Policy is a valid and enforceable contract under Florida law.

34. Burstyn was insured under the Policy at the onset of his disability in 2017.

35. Burstyn became unable to perform the substantial and material duties of his regular occupation due to sickness, and he was totally disabled under the terms of the Policy no later than June 1, 2017.

36. Northwestern Mutual breached its policy by denying Burstyn's claim and refusing to pay benefits due under the Policy.

37. As a result of Northwestern Mutual's breach, Burstyn has suffered and continues to suffer damages.

WHEREFORE, Plaintiff David Burstyn respectfully requests judgment against Defendant Northwestern Mutual Life Insurance Company for past due benefits, together with pre- and post-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues so triable as a matter of right.

Dated this 17th day of September, 2018.

/s/ Benjamin C. Hassebrock
**Benjamin C. Hassebrock**
Florida Bar No. 76504
bhassebrock@vpl-law.com
**VER PLOEG & LUMPKIN, P.A.**
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
*Counsel for Plaintiff*