**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 1:18-cv-23824-DPG**

DAVID BURSTYN,

Plaintiff,

vs.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant.
_________________________________/

**DEFENDANT NORTHWESTERN MUTUAL'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), by and through undersigned counsel, hereby responds to the Complaint filed by Plaintiff, David Burstyn ("Burstyn"), in numbered paragraphs corresponding to those in the Complaint, as follows:

1. Northwestern Mutual admits that this purports to be an action for breach of contract, but denies any liability to Burstyn.

2. Northwestern Mutual admits the allegations of paragraph 2 of the Complaint.

3. Northwestern Mutual admits the allegations of paragraph 3 of the Complaint.

4. Northwestern Mutual admits the allegations of paragraph 4 of the Complaint.

5. Northwestern Mutual admits only that venue is proper in this district as the contract was entered into with Burstyn in this district, and denies the remaining allegations of paragraph 5 of the Complaint.

6. Northwestern Mutual admits the allegations of paragraph 6 of the Complaint.

7. Northwestern Mutual admits the allegations of paragraph 7 of the Complaint.

8. Northwestern Mutual admits the allegations of paragraph 8 of the Complaint.

9. Northwestern Mutual admits only that paragraph 9 of the Complaint quotes an excerpted portion of policy language pertaining to total disability.

10. Northwestern Mutual admits only that paragraph 10 of the Complaint quotes an excerpted portion of policy language pertaining to an insured's occupation.

11. Northwestern Mutual admits only that Burstyn has quoted from §627.607, Florida Statutes, and denies all remaining allegations of paragraph 11 of the Complaint.

12. Northwestern Mutual admits only that Burstyn has quoted §8.2 of the Policy, and denies all remaining allegations of paragraph 12 of the Complaint.

13. Northwestern Mutual admits only that Burstyn has quoted §3.1 of the Policy, and denies all remaining allegations of paragraph 13 of the Complaint.

14. Northwestern Mutual admits only that Burstyn has quoted a portion of §2.1 of the Policy, and denies all remaining allegations of paragraph 14 of the Complaint.

15. Northwestern Mutual admits only that Burstyn has quoted a portion of §7.2 of the Policy, and denies all remaining allegations of paragraph 15 of the Complaint.

16. Northwestern Mutual admits only that Burstyn has quoted §627.609, Florida Statutes, and denies all remaining allegations of paragraph 16 of the Complaint.

17. Northwestern Mutual denies the allegations of paragraph 17 of the Complaint.

18. Northwestern Mutual denies the allegations of paragraph 18 of the Complaint.

19. Northwestern Mutual denies the allegations of paragraph 19 of the Complaint.

20. Northwestern Mutual is without knowledge of the allegations of paragraph 20 of the Complaint and therefore denies same.

21. Northwestern Mutual is without knowledge of the allegations of paragraph 21 of the Complaint and therefore denies same.

22. Northwestern Mutual is without knowledge of the allegations of paragraph 22 of the Complaint and therefore denies same.

23. Northwestern Mutual denies the allegations of paragraph 23 of the Complaint.

24. Northwestern Mutual denies the allegations of paragraph 24 of the Complaint.

25. Northwestern Mutual admits only that Burstyn submitted a claim for benefits in July, 2017.

26. Northwestern Mutual admits only that Burstyn has quoted a portion of a letter sent to him in January, 2018, and denies all remaining allegations of paragraph 26 of the Complaint.

27. Northwestern Mutual admits only that Burstyn has quoted a portion of a letter sent to him, and denies all remaining allegations of paragraph 27 of the Complaint.

28. Northwestern Mutual admits the allegations of paragraph 28 of the Complaint.

29. Northwestern Mutual admits only that Burstyn has quoted a portion of a letter sent by Northwestern in April, 2018, and denies all remaining allegations of paragraph 29 of the Complaint.

30. Northwestern Mutual is without knowledge of the allegations of paragraph 30 of the Complaint and therefore denies same.

31. Northwestern Mutual denies the allegations of paragraph 31 of the Complaint, including specifically a failure to provide adequate proof of loss to entitle Burstyn to total disability benefits under the terms of the policy.

## COUNT I – BREACH OF CONTRACT

32. Northwestern Mutual incorporates its responses to paragraphs 1 through 31 as though fully set forth herein.

33. Northwestern Mutual admits the allegations of paragraph 33 of the Complaint.

34. Northwestern Mutual admits only that Burstyn was insured under the policy in 2017, and denies all remaining allegations of paragraph 34 of the Complaint.

35. Northwestern Mutual denies the allegations of paragraph 35 of the Complaint.

36. Northwestern Mutual denies the allegations of paragraph 36 of the Complaint.

37. Northwestern Mutual denies the allegations of paragraph 37 of the Complaint.

38. Northwestern Mutual denies each and every allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a cause of action for which relief may be granted.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for Northwestern Mutual*
200 South Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel: (305) 358-6300
Fax: (305) 381-9982

By: */s/ Jeffrey M. Landau*
John E. Meagher
Florida Bar No. 511099
*jmeagher@shutts.com*
Jeffrey M. Landau
Florida Bar No. 863777
*jlandau@shutts.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 5th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey M. Landau*
Jeffrey M. Landau

**SERVICE LIST**

***David Burstyn v Northwestern Mutual Life Insurance Company***
**United States District Court, Southern District of Florida**
**Case No.: 1:18-cv-23824-DPG**

Benjamin C. Hassebrock, Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. Second Street
30th Floor
Miami, FL 33131
T: (305) 577-3996
F: (305) 577-3558
*BHassebrock@vpl-law.com*
Attorneys for Plaintiff